**Edward and Ruth WILKOF, Ervin and Marie Wilkof, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 79–1217.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 12, 1980.

Decided Jan. 15, 1981.

Harvey L. Frutkin, Cavitch, Familo & Durkin, Zolman Cavitch, Cleveland, Ohio, for petitioners.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert Andrews, Helen Buckley, Murray Horwitz, Tax Div., U. S. Dept. of Justice, Stuart E. Seigel, Chief Counsel, Internal Revenue Service, Washington, D. C., for respondent.

Before BOYCE F. MARTIN, Jr., Circuit Judge, and PHILLIPS and CELEBREZZE, Senior Circuit Judges.

PER CURIAM.

This is an appeal of a decision of the United States Tax Court entered December 14, 1978, reported at 47 T.C.M. 2072 (1978).

Taxpayers Edward and Ervin Wilkof are brothers. Since 1962 they have been co-owners of all the capital stock of Wilkof Structural Steel Corporation (WSS), each owning an equal one-half interest. The brothers have served as officers of WSS from the date of its incorporation in 1953. In 1968 the brothers, along with two cousins, formed a new corporation, TWM Manufacturing Company, Inc. (TWM). Shortly thereafter the shares of the cousins were redeemed and the two brothers became equal fifty per cent shareholders of TWM. TWM was organized for the purpose of developing and manufacturing an innovative axle suspension system for trucks. The brothers served as TWM officers. TWM experienced mechanical and operational difficulties and became involved in patent infringement litigation costing the corporation over $200,000. Because TWM was thinly capitalized the brothers transferred over $400,000 to TWM from the assets of WSS.

The Commissioner determined that the transfer from WSS to TWM was a constructive dividend to the taxpayers, assessing deficiencies in 1973 of $112,910 against Edward Wilkoff and his wife, Ruth, and $115,198 against Ervin Wilkof and his wife, Marie. In a comprehensive memorandum prepared by Judge Howard A. Dawson, Jr., the Tax Court agreed with the Commissioner that the transfer was a constructive dividend.

Reference is made to the opinion of the Tax Court for a detailed recitation of pertinent facts.

Two contentions are presented by the taxpayer on this appeal:

(1) The Tax Court erred in finding that the transfer from WSS to TWM was not a bona fide loan; and

(2) The Tax Court erred in finding that the transfer was a constructive dividend and taxable income to appellants.

The taxpayers urge that the transfer was a loan, relying on the fact it was reflected as a debt on ledger entries of both corporations. In ruling against the taxpayers on this issue, the Tax Court pointed out that no promissory note or other written, unconditional promise to pay was ever executed; no fixed maturity date was specified; no fixed schedule for payment of interest or repayment of principal was established; no pledge of collateral was made or security agreement executed; no sinking fund was established; WSS did not require personal guarantees by taxpayers; no apparent right existed for WSS to enforce payment; the Wilkof brothers had common control of both corporations; and TWM was incapable of repaying the transfer because of its deficit position and operational losses.

We conclude that the findings of fact of the Tax Court are not clearly erroneous. *Commissioner v. Duberstein*, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960), and that the decision of the Tax Court is correct for the reasons stated in its opinion.

Affirmed.