**Harry J. JOHNSON, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 79–1619.

United States Court of Appeals, Sixth Circuit.

April 13, 1981.

George V. Fisher, Krumm, Schwenker & Fisher, David Skrobot, Columbus, Ohio, for petitioner-appellant.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert Andrews, Richard Perkins, Lester Stein, Libero Marinelli, Jr., Tax Div., U. S. Dept. of Justice, Acting Chief Counsel, Internal Revenue Service, Washington, D. C., for respondent-appellee.

Carleton D. Powell, Washington, D. C., additional counsel for Dept. of Justice.

Before BOYCE F. MARTIN, Jr., and JONES, Circuit Judges and CELEBREZZE, Senior Circuit Judge.

### ORDER

Harry J. Johnson appeals from a judgment of the Tax Court affirming the Commissioner's determination of an income tax deficiency.

Johnson Mechanical Contractors, Inc., (JMC) a wholly owned corporation of the taxpayer, disbursed funds to the taxpayer and to his sole proprietorship, H.J. Johnson Enterprises. JMC also made distributions to the taxpayer's wholly owned corporation, Central Dodge Inc. (Dodge), and to the taxpayer's son's business.

The taxpayer treated these disbursements of funds as loans from JMC, which are not taxable. The Commissioner determined that the disbursements were not loans, but were constructive dividends to the taxpayer and assessed income tax deficiencies.

The Tax Court determined that the disbursements made by Johnson Mechanical Contractors, Inc. to the taxpayer and to H.J. Enterprises were loans and not taxable. It also determined that the disbursements made by Johnson Mechanical Contractors, Inc. to Dodge and the taxpayer's son's business were constructive dividends which were taxable income to the taxpayer.

In this appeal the taxpayer contends that the Tax Court erred in determining that the disbursements to Dodge and the taxpayer's son's business were constructive dividends. We disagree. The Tax Court pointed out that JMC had retained earnings of $122,796 in 1973, but only paid dividends of $50. In addition, the taxpayer failed to produce evidence of the income JMC could expect to receive from Dodge or the taxpayer's son's business despite this being the alleged business purpose of the loan. The findings of the Tax Court were not clearly erroneous. *Wilkof v. CIR*, 636 F.2d 1139 (6th Cir. 1981).

AFFIRMED.